David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for the Plaintiff
Richard Flores

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Richard Flores, | **Case Number:** |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Medical Society Business Services, Inc. d/b/a Bureau of Medical Economics, | |
| Defendant. | |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1  collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Richard Flores, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Medical Society Business Services, Inc. d/b/a Bureau of Medical Economics ("Defendant") and/or ("BME"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Defendant operates within and does business within the State of California, personal jurisdiction is established.

9. Because Plaintiff is located in Arizona, and Defendant did business here.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the actions giving rise to the cause of actions brought in the case occurred within this judicial district.

**PARTIES**

11. Plaintiff is a natural person who resides in the State of Arizona.

12. Defendant is located in the city of Chandler, and the State of Arizona.

13. Defendant regularly does business within the County of Maricopa.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16. At all times relevant to this matter, Plaintiff was an individual with his personal residence within the State of Arizona.

17. At all times relevant, Defendant conducted business within the State of Arizona.

18. At all times relevant, Defendant was subject to the laws of the State of Arizona.

19. Sometime before December 9, 2016, Plaintiff is alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. Sometime thereafter, but before December 9, 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently disputes the validity of this alleged debt.

22. On or about December 9, 2016, Defendant sent a letter to Plaintiff in an attempt to collect an alleged debt.

23. This letter was a "communication" as 15 U.S.C. §1692a(2) defines that term.

24. Subsequently, on or about December 12, 2016, Plaintiff disputed the alleged debt.

25. In this same December 12, 2016 letter to Defendant, Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

26. Plaintiff sent his cease and desist letter by certified mail and has confirmed that Defendant signed for and received Plaintiff's letter.

27. A subsequent debt was then placed with Defendant for collection, and Defendant sent a letter attempting to collect the second debt, on or about February 7, 2017.

28. Subsequently, on or about February 13, 2017, Plaintiff disputed the alleged debt.

29. In this same February 13, 2017 letter to Defendant, Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

30. Well after signing for Plaintiff's cease and desist letter, on or about July 17, 2017, Defendant then called Plaintiff in an attempt to collect both alleged debts.

31. This action was in violation of 15 U.S.C. § 1692c(c).

32. Plaintiff was aware of his rights to stop a debt collector from communicating with him after a cease and desist letter.

33. Plaintiff was frustrated by Defendant's refusal to honor his request for Defendant to cease and desist all communications with him.

34. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in limiting communications from debt collectors, which is

specifically addressed and protected by the Federal Fair Debt Collection Practices Act.

35. Defendant willfully ignoring Plaintiff's request to end all communication frustrated, angered, and distressed Plaintiff.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

39. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

40. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

41. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**HYDE & SWIGART**
Phoenix, Arizona

### TRIAL BY JURY

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: July 20, 2017                                       Hyde & Swigart

                                                               By: /s/ David J. McGlothlin
                                                               David J. McGlothlin
                                                               Attorneys for the Plaintiffs

**HYDE & SWIGART**
Phoenix, Arizona